ORIGINAL FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 01 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

THE CARTOON NETWORK, INC., )
)
    Plaintiff, )
)
v. )   Civil Action No. _____
)
ADULT CARTOON NETWORK INC., )  **1:07-CV-2415**
)
    Defendant. )

## COMPLAINT

Plaintiff The Cartoon Network, Inc. ("Plaintiff" or "Cartoon Network"),

states the following for its complaint against Adult Cartoon Network Inc.

("Defendant" or "Adult Cartoon Network").

## SUBSTANCE OF THE ACTION

1.    This is an action at law and in equity for trademark infringement,

unfair competition, trademark dilution and injury to business reputation, deceptive

trade practices, and fraudulent encroachment arising under the federal Lanham

Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), the Georgia antidilution

statute, O.C.G.A. § 10-3-451, the Georgia Uniform Deceptive Trade Practices Act,

O.C.G.A. §§ 10-1-370 *et seq.*, the applicable antidilution laws of the several states,

and the common law.

1

US2000 10316908 1

2.     Defendant Adult Cartoon Network owns and operates a website located at <www.adultcartoonnetwork.ca>, which offers pornographic animation content under the mark ADULT CARTOON NETWORK. Defendant is willfully and intentionally offering for sale and selling its pornographic animation content under a trademark confusingly similar to Plaintiff Cartoon Network's trademarks. Defendant Adult Cartoon Network's services are not distributed or authorized by, or connected or affiliated with, Plaintiff Cartoon Network in any way. Plaintiff brings this action to stop Defendant from trading on the enormous goodwill associated with Cartoon Network and from passing off Defendant's services as those sold or licensed by Plaintiff. Defendant's misconduct is likely to cause confusion and to deceive consumers and the public and will continue to do so absent relief from this Court.

## JURISDICTION AND VENUE

3.     The Court has original jurisdiction of the action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. Further, the Court has supplemental jurisdiction over the state claims alleged herein because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy as provided in 28 U.S.C. § 1367.

2

4.    Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1391 and Fed. R. Civ. P. 4(k)(2).

<h1 style="text-align:center"><b>THE PARTIES</b></h1>

5.    Plaintiff The Cartoon Network, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business located at 1050 Techwood Drive, NW, Atlanta, Georgia 30318.

6.    On information and belief, Defendant Adult Cartoon Network Inc. is a corporation organized and existing under the laws of British Columbia, Canada having its principal place of business at 22661 Kendrick Loop Maple Ridge, British Columbia, Canada V2X 8Y9.

<h2 style="text-align:center"><b>FACTS COMMON TO ALL CLAIMS FOR RELIEF</b></h2>

**A.    The Famous Cartoon Network Trademarks.**

7.    Since at least as early as October 1, 1992, Plaintiff has used the mark CARTOON NETWORK in connection with entertainment and educational services and cable telecasting services primarily marketed toward children. Since that time, the CARTOON NETWORK mark has served as a distinctive indicator of Plaintiff's entertainment services and related merchandise.

8.    Plaintiff is the owner of a United States trademark registration for the mark CARTOON NETWORK (Reg. No. 2,554,469), covering "entertainment and education services in the nature of a series of television and cable television

3

programs directed toward children and young adults, provided through cable television, broadcast television, radio and the global computer information network." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A true and correct copy of the Certificate of Registration for the CARTOON NETWORK mark is attached as **Exhibit 1**.

9.     Altogether, Plaintiff owns a family of 22 federal trademark registrations for marks incorporating the phrase CARTOON NETWORK, 11 of which are incontestable. A complete listing of such registrations is attached as **Exhibit 2**. The CARTOON NETWORK marks identified in paragraphs 7-9 are collectively referred to herein as the "CARTOON NETWORK Marks."

10.    Plaintiff has enjoyed great success with the CARTOON NETWORK brand, which receives high ratings in the cable television field, and has enjoyed great critical success. As of October 2006, the CARTOON NETWORK offering was distributed to 91 million homes throughout North America. Along with the Disney Channel and Nickelodeon, it is one of the most widely distributed children's networks in the United States.

11.    In addition, CARTOON NETWORK programming is distributed in approximately 160 countries around the world, and is available in more than 200

4

million homes worldwide. Plaintiff also owns numerous trademark registrations worldwide incorporating the phrase CARTOON NETWORK.

12. Since July 1998, Plaintiff has operated a website at the domain name <www.cartoonnetwork.com>. It is consistently ranked as one of the top sites in the Family & Lifestyles: Kids, Games, & Toys category. In the last quarter of 2006, the <www.cartoonnetwork.com> site received over 5,400,000 unique visitors per month.

13. Plaintiff has expended many millions of dollars in connection with developing consumer brand recognition for the CARTOON NETWORK Marks.

14. As a result of the foregoing, Plaintiff's CARTOON NETWORK Marks have acquired a high degree of recognition, fame, and distinctiveness, and they symbolize the high quality entertainment content and related merchandise primarily for children offered by Plaintiff.

15. Consumers are familiar with and identify Plaintiff's marks with Plaintiff, and, by reason of this identification, goods and services associated with the CARTOON NETWORK Marks are understood by consumers to be produced, marketed, and distributed under Plaintiff's authority or otherwise derived from Plaintiff.

16. Plaintiff's CARTOON NETWORK Marks are an important factor employed by consumers in identifying the source of Plaintiff's entertainment

5

services and related goods, and they are distinctive of those goods and services. In particular, consumers recognize the CARTOON NETWORK Marks as symbols of high quality children's and family-oriented programming.

17. As a result of these and other uses, the CARTOON NETWORK Marks are entitled to a broad scope of protection.

18. In addition to its animation properties targeted to children, since at least as early as September 2001 Plaintiff has offered a programming block of animated television programs targeted toward adults under the ADULT SWIM mark on its CARTOON NETWORK channel.

19. Plaintiff owns a United States trademark registration for the ADULT SWIM word mark (Reg. No. 2,825,671) and the stylized **[adult swim]** mark (Reg. No. 3,120,775), both covering various entertainment services in Class 41. True and correct copies of the Certificates of Registration for the ADULT SWIM marks are attached as **Exhibit 3**.

20. Altogether, Plaintiff owns a family of 16 U.S. trademark registrations which incorporate the phrase ADULT SWIM.

**B. Defendant's Unlawful Activities.**

21. On information and belief, Defendant owns and operates a website located at the domain name <www.adultcartoonnetwork.ca>, which offers animation content under the mark ADULT CARTOON NETWORK. A true and

6

correct copy of the homepage of Defendant's website located at <u>www.adultcartoonnetwork.ca</u>> is attached as **Exhibit 4**.

22. On May 10, 2005, Defendant filed an application under Sections 1(a) and 44(e) of the Lanham Act to register the mark ADULT CARTOON ADULT CARTOON NETWORK GET CONNECTED & Design (Serial No. 76/638,229), depicted below, for "Adult cartoon pay per view Internet transmission; Entertainment communication services, namely, providing access to adult cartoon illustrations, adult flashtoons, adult comics, and adult animated movies over the Internet" in International Class 38, claiming a date of first use of November 15, 2001. A true and correct copy of the U.S. Patent and Trademark Office's electronic record of Defendant's application is attached as **Exhibit 5**.



23. Defendant's trademark application was published for opposition in the *Official Gazette* on July 17, 2007. On August 10, 2007, Plaintiff timely filed its Notice of Opposition (Opposition No. 91/179,000) to oppose the registration of the mark ADULT CARTOON ADULT CARTOON NETWORK GET CONNECTED

7

& Design. A true and correct copy of the Notice of Opposition is attached as **Exhibit 6**.

24.     Defendant's ADULT CARTOON NETWORK word mark and its ADULT CARTOON logo incorporate Plaintiff's CARTOON NETWORK mark in addition to the term ADULT. Defendant's mark is therefore similar to Plaintiff's marks with respect to appearance, pronunciation, and commercial impression.

25.     Like Plaintiff's CARTOON NETWORK mark, Defendant's ADULT CARTOON NETWORK word mark and logo are used in connection with animation content.

26.     Most of Defendant's animation content includes language or images that are offensive or inappropriate and are inconsistent with and tarnish the image of Cartoon Network, its entertainment content and merchandise, its licensees, and/or Cartoon Network's trademarks. Representative examples of Defendant's animation content are attached as **Exhibit 7**.

27.     Defendant's services are not licensed, authorized, sponsored, endorsed or approved by Cartoon Network.

28.     Plaintiff's CARTOON NETWORK and ADULT SWIM trademarks were used extensively and continuously before Defendant offered for sale or sold Defendant's services.

8

29. Defendant's services are related to the goods and services sold or licensed by Plaintiff, and are sold through similar channels of trade. Defendant sells its services on the Internet on a website incorporating Plaintiff's CARTOON NETWORK mark.

30. Defendant's services are likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that Defendant's unlicensed and unauthorized services were licensed by, authorized by or in some manner associated with Plaintiff. The likelihood of confusion, mistake and deception engendered by Defendant's unlicensed and unauthorized services is causing an irreparable harm to Plaintiff.

31. Purchasers and prospective purchasers viewing Defendant's unlicensed and unauthorized animation content and perceiving a defect, lack of quality, or any impropriety are likely to mistakenly attribute them to Cartoon Network. As a result, Defendant is tarnishing Plaintiff's CARTOON NETWORK mark and inflicting irreparable harm to Cartoon Network's goodwill.

32. Defendant's unlicensed and unauthorized animation content offered under the ADULT CARTOON NETWORK word mark and logo are calculated to trade on the valuable goodwill and commercial magnetism of Cartoon Network's reputation and identity in this District and elsewhere. Defendant also is attempting to pass off its animation content as that of Cartoon Network or its licensees.

9

33. Defendant willfully, intentionally, and maliciously has used Plaintiff's CARTOON NETWORK trademark, or has adopted imitations of the CARTOON NETWORK trademark, and combined said imitations with other material likely to cause and enhance confusion, and has otherwise deliberately attempted to pass off its unlicensed and unauthorized animation content as provided or licensed by Cartoon Network. Exacerbating the likelihood of confusion here is the fact that Plaintiff owns rights in the mark ADULT SWIM, and Defendant's ADULT CARTOON NETWORK word mark and logo incorporate the entirety of the CARTOON NETWORK marks and the "ADULT" element of the ADULT SWIM marks.

## COUNT 1

## FEDERAL TRADEMARK INFRINGEMENT

34. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-33.

35. Defendant is using confusingly similar imitations of Plaintiff's CARTOON NETWORK Marks in connection with unlicensed and unauthorized services. This conduct is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's unlicensed and unauthorized services are distributed by Plaintiff or are associated or connected with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

US2000 10316908 1

36. Defendant has used confusingly similar imitations of Cartoon Network's federally registered marks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Cartoon Network's goodwill and reputation as symbolized by Cartoon Network's federally registered marks, for which Plaintiff has no adequate remedy at law.

37. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Cartoon Network's federally registered marks to Plaintiff's great and irreparable injury.

38. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover actual damages, Defendant's profits, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, 1117.

## COUNT 2

## FEDERAL UNFAIR COMPETITION

39. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-38.

40. Defendant's unlicensed and unauthorized services have caused and are likely to cause confusion, deception, and mistake by creating the false and

11

misleading impression that Defendant's services are distributed by Plaintiff or are associated or connected with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

41. Defendant has made false representations, false descriptions, and false designations of origin in violation of 15 U.S.C. §§ 1125(a), including, but not limited to, Defendant's commercial use of Cartoon Network's CARTOON NETWORK Marks, or confusingly similar imitations thereof. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

42. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff to the great and irreparable injury of Plaintiff.

43. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

US2000 10316908 1

## COUNT 3

## **FEDERAL TRADEMARK DILUTION**

44.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-43.

45.     Cartoon Network's CARTOON NETWORK Marks are distinctive, strong and famous and became so before Defendant's activities described in this Complaint.

46.     Defendant is making unlicensed and unauthorized commercial use in commerce of Cartoon Network's CARTOON NETWORK Marks, and Defendant's activities have caused and are causing dilution of the distinctive quality of Cartoon Network's CARTOON NETWORK Marks. Defendant's conduct erodes the public's exclusive identification of the CARTOON NETWORK Marks with Cartoon Network and tarnishes and degrades the positive associations and prestigious connotations of the marks.

47.     Defendant willfully intended to trade on Cartoon Network's reputation and to cause dilution of Cartoon Network's CARTOON NETWORK Marks.

48.     Plaintiff therefore is entitled to injunctive relief and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, 1117.

13

## COUNT 4

## STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

49.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-48.

50.     Plaintiff Cartoon Network has extensively and continuously promoted and used the CARTOON NETWORK Marks throughout Georgia and the United States, and the CARTOON NETWORK Marks have thereby become distinctive, well-known symbols of Plaintiff's goods and services.

51.     Defendant Adult Cartoon Network's unauthorized use of a confusingly similar word mark and logo dilutes and is likely to dilute the distinctiveness of Cartoon Network's CARTOON NETWORK Marks by eroding the public's exclusive identification of these marks with Plaintiff Cartoon Network and by tarnishing and degrading the positive associations and prestigious connotations of the marks.

52.     Defendant Adult Cartoon Network is causing and will continue to cause irreparable injury to Plaintiff Cartoon Network's goodwill and business reputation, and dilution of the distinctiveness of value of the CARTOON NETWORK Marks in violation of O.C.G.A § 10-1-451, as well as the laws of the several states, including, Alabama, ALA. CODE § 8-12-17 (2003); Alaska,

14

ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003); Hawaii, HAW. REV. STAT. ANN. §482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. §87-140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. STAT. ANN. 56:3- 13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); New York, N.Y. GEN. BUS. Law § 360-l (2003); Oregon, OR. REV. STAT. § 647.107 (2001); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 1996); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S. C. CODE ANN. § 39-15-1165 (2002); Tennessee,

15

TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. §70-3a-403 (2002); Washington, WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13 (Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002). Plaintiff Cartoon Network therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## COUNT 5

## UNFAIR AND DECEPTIVE TRADE PRACTICES

53. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-52.

54. Defendant Adult Cartoon Network has engaged in deceptive trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.* by: (1) passing off its services as those of Plaintiff Cartoon Network; (2) causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective goods and services; (3) causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant Adult Cartoon Network or its services with Plaintiff Cartoon Network or its goods and services; (4) using deceptive representations or designations of origin in connection with

16

Defendant Adult Cartoon Network's services; (5) representing that Defendant Adult Cartoon Network's services have the sponsorship or approval of Plaintiff Cartoon Network, which they do not have; and (6) engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding to consumers, potential consumers, and the public.

55. Defendant Adult Cartoon Network's conduct in passing off its services as those of Plaintiff Cartoon Network, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendant Adult Cartoon Network's services, causing a likelihood of confusion as to Defendant Adult Cartoon Network's affiliation, connection, or association with another, and otherwise damaging the public also constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of other states, including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 (1993); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 1995); New York, N.Y. GEN.

17

BUS. Law § 349 (McKinney 1988); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995); Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998); Oregon, O.R.S. §§ 646.605 to 646.656 (2003); and Pennsylvania, 73 PA. CONS. STAT. ANN. §§ 201-1 to 201-9.3 (West 2005).

56.    Defendant Adult Cartoon Network's unauthorized use of confusingly similar trademark designations is causing and is likely to cause substantial injury to the public and to Plaintiff Cartoon Network, and Plaintiff Cartoon Network is entitled to injunctive relief and to recover its costs and reasonable attorneys' fees.

**COUNT 6**

**<u>COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR<br>COMPETITION</u>**

57.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-56.

58.    Defendant Adult Cartoon Network's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiff Cartoon Network unless restrained by this Court. Plaintiff Cartoon Network has no adequate remedy at law for this injury.

59.    On information and belief, Defendant Adult Cartoon Network acted with full knowledge of Plaintiff Cartoon Network's use of, and statutory and

18

common law rights to, the CARTOON NETWORK Marks and without regard to the likelihood of confusion to customers, potential customers, and the public created by those activities.

60.     Defendant Adult Cartoon Network's actions demonstrate a willful intent to trade on the goodwill associated with the CARTOON NETWORK Marks to the great and irreparable injury of Plaintiff Cartoon Network.

61.     As a result of Defendant Adult Cartoon Network's acts, Plaintiff Cartoon Network has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff Cartoon Network is entitled to injunctive relief, to an award of Defendant Adult Cartoon Network's profits, and to actual damages under O.C.G.A. § 51-1-6.  In light of the willful and intentional use of the CARTOON NETWORK Marks, and the need to deter Defendant Adult Cartoon Network from similar conduct, Plaintiff Cartoon Network additionally is entitled to punitive damages under O.C.G.A. § 51-12-5.1.


WHEREFORE, Plaintiff Cartoon Network prays that:

1.     Plaintiff Cartoon Network's claims against Defendant Adult Cartoon Network be tried by jury;

2.     Defendant Adult Cartoon Network and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for,

with, by, through, or under authority from Defendant Adult Cartoon Network, or in concert or participation with Defendant Adult Cartoon Network, and each of them, be enjoined, preliminarily and permanently, from:

a.    using marks confusingly similar to the CARTOON NETWORK and ADULT SWIM marks in connection with Defendant Adult Cartoon Network's goods or services;

b.    using any trademark, service mark, name, logo, design, domain name, or source designation of any kind on or in connection with Defendant Adult Cartoon Network's goods or services that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to the trademarks, service marks, names, or logos of Plaintiff Cartoon Network;

c.    using any trademark, service mark, name, logo, design, domain name, or source designation of any kind on or in connection with Defendant Adult Cartoon Network's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant Adult Cartoon Network's goods or services

20

are produced or provided by Plaintiff Cartoon Network, or are sponsored or authorized by or in any way connected or related to Plaintiff Cartoon Network;

d.    using any trademark, service mark, name, logo, design, domain name, or source designation of any kind on or in connection with Defendant Adult Cartoon Network's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of Plaintiff Cartoon Network by eroding their exclusive identification with Plaintiff Cartoon Network or tarnishing their positive associations;

e.    passing off, palming off, or assisting in passing off or palming off, Defendant Adult Cartoon Network's goods or services as those of Plaintiff Cartoon Network, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

f.    using as an electronic address any URL designation or domain name, including but not limited to <www.adultcartoonnetwork.ca> or <www.adultcartoonnetworkinc.com>, that is confusingly

21

similar to, or dilutive of, any of the trademarks, service marks, names, or logos of Plaintiff Cartoon Network.

3.    Defendant Adult Cartoon Network be compelled to account to Plaintiff Cartoon Network for any and all profits derived by Defendant Adult Cartoon Network, and for all damages caused to Plaintiff Cartoon Network under 15 U.S.C. § 1117, O.C.G.A. § 51-1-6, and the common law;

4.    Based on Defendant Adult Cartoon Network's willful and intentional use of marks known to be infringing, Plaintiff Cartoon Network be awarded treble damages, as provided for by 15 U.S.C. § 1117(a);

5.    Defendant Adult Cartoon Network be required to pay to Plaintiff Cartoon Network the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b), and O.C.G.A. § 10-1-373(b);

6.    Defendant Adult Cartoon Network be required to pay prejudgment interest dating from service of this Complaint on any profits, damages, and attorneys' fees awarded as provided for in 15 U.S.C. § 1117;

7.    Based on Defendant Adult Cartoon Network's willful and intentional use of Plaintiff Cartoon Network's marks, and to deter such conduct, Plaintiff Cartoon Network be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1; and

US2000 10316908 1

8. Plaintiff Cartoon Network has such other and further relief as the Court may deem just.

Dated: October ___, 2007

Respectfully submitted,

_____

Miles J. Alexander, Esq. (#009000)
Malexander@KilpatrickStockton.com
James A. Trigg, Esq. (#716285)
Jtrigg@KilpatrickStockton.com
Alicia Grahn Jones, Esq. (#141415)
Aljones@KilpatrickStockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Attorneys for Plaintiff

## Local Rule 7.1 Certification

Pursuant to Local Rule 7.1, I hereby certify that this memorandum has been prepared in Times New Roman 14 point font.

_____

Attorney for Plaintiff

23